Harper, J.
This court concurs in so much of the decree, as relates to the subject of jurisdiction; and the first ground of appeal is therefore overruled.
With respect to the other ground, I am satisfied that the decree was erroneous. The title on which the complainant relied in her bill, was as administratrix, and derived from the bill of sale of 1814. No title was set up under the release, or quit claim, dated in 1820. This was no part of the complainant’s case, and it could not be supposed, that the defendants were prepared to meet it. It is true, it very often happens, that a somewhat different case is made by the proof, from that set forth in the bill; and, in general, I think parties are bound to object to such proof, when it is offered,,or they will be taken to have waived the objection. But in this case, the instrument in question was only incidentally brought out in evidence. It was indorsed on the bill of sale of 1814, and therefore necessarily came to the view of the Court, when thht instrument was offered. I believe it was not relied on, as a distinct and substantive title, or produced for the purpose, and therefore the defendant was not called upon to object.
It is, for these reasons, ordered and decreed, that the order of reference to the commissioner, made in the case, be reversed, and the bill dismissed as to the defendant, James Furse.
Johnson, J., and O’Neall, J., concurred.

Decree modified.